**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CASCADES AV LLC,

                Plaintiff,

    v.

EVERTZ MICROSYSTEMS, LTD.,

                Defendant.

Case No.  17-cv-7881
Judge Thomas M. Durkin

**DEFENDANT EVERTZ MICROSYSTEMS LTD.'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Evertz Microsystems Ltd. ("Evertz") respectfully submits this opposition to Plaintiff Cascades AV LLC's ("Cascades") Renewal of Motion to Compel filed on November 26, 2018. ECF No. 47 ("Motion"). Cascades' Motion is substantively unfounded, procedurally improper, and at best premature.

**1.  Cascades' Motion is Substantively Unfounded.**

Cascades' Motion incorrectly contends that Evertz has withheld and failed to produce sufficient technical documentation to satisfy Evertz's obligations under the Local Patent Rules. Cascades also contends that Evertz has "reneged on the agreement that led to withdrawal of Cascades' earlier motion to compel." Motion at 1 (citing ECF Nos. 42, 45). Cascades is mistaken on both counts.

Local Patent Rule No. 2.1(b)(1) requires Evertz to produce technical documentation sufficient to show the operation and construction of the functionality Cascades has specifically accused of infringement in this case, called IntelliTrak. Evertz has done so, on October 22 and 29, 2018 and November 1 and 2, 2018. *See, e.g.* Exhibit A hereto. Indeed, after Cascades filed its

earlier motion (ECF No. 42) Evertz made a good faith effort to locate additional technical documentation, and produced additional documents that Cascades' Motion overlooks. *See id.* This Rule does not require the creation or production of documents that do not exist. Apart from source code, which counsel for Evertz discussed with counsel for Cascades and did not understand to be demanded (at least at this juncture), Evertz is not withholding any documents responsive to Local Patent Rule 2.1(b)(1). In short, with the possible exception of source code (addressed further below) Evertz believes there is nothing further to compel.

Evertz has also not reneged on any agreement. When Cascades filed its initial ill-conceived motion to compel (ECF No. 42), Evertz confirmed that Evertz would not object to Cascades' reliance on certain documents as unreasonable for purposes of satisfying its Local Patent Rule 2.2 obligations. *See* Motion Exhibit A, ECF No. 47-1; *see also, e.g.*, Exhibit A hereto at 3 ("Thanks for confirming that, as part of our agreement to withdraw the motion to compel, Evertz will not contend that our relying on particular references is unreasonable *for this phase of the case*.") (emphasis added).

Evertz did not so object to Cascades' LPR 2.2 Disclosures—even though Cascades equated accused functionality to an industry standard based on a document that distinguished between them. *See* Motion Exhibit C, ECF No. 47-3 at 3. What's more, as part of the discussions that culminated in this agreement, Cascades requested, and Evertz agreed, to look into whether Evertz's commercial implementations of the accused IntelliTrak products actually implement certain portions of the documents in Evertz's production. *See, e.g.*, Exhibit A hereto at 1-3. Evertz did so, and confirmed in correspondence which portions are implemented—and which are not. *See* Motion Exhibit C, ECF No. 47-3. Cascades is unhappy with the answer. But that does not mean Evertz reneged on anything. Evertz has not.

It is entirely appropriate and consistent with the parties' earlier agreement for Evertz to have confirmed that its IntelliTrak product uses one of the approaches set forth in its document production—indeed, Cascades asked Evertz to look into this very question. *See, e.g.*, Exhibit A hereto at 3. Evertz did not violate any agreement by making its perspective known that, in light of this information, no reasonable litigant would continue to accuse IntelliTrak of infringing any claim of two of the three patents asserted in this case. Nor has Evertz failed to produce or declined to produce documentation to describe, validate, and substantiate this functionality.

### 2. Cascades' Motion is Procedurally Improper.

The Motion is procedurally unfounded as well, including because there is no impasse and Cascades failed to meet and confer. Before renewing its Motion, counsel for Cascades did not discuss its concerns with counsel for Evertz. This is true even though the correspondence that appears to have prompted Cascades' renewed Motion invited discussion. Motion Exhibit C, ECF No. 47-3 at 3. ("If you have questions, I am available and willing to discuss them.").

Given the chance to discuss the issues, the parties could have (and may still) arrive at a reasonable path forward to address Cascades' concerns in the wake of Evertz's November 21, 2018 letter. Cascades' failure to meet and confer warrants denial of its motion as procedurally improper because this Court's procedures concerning discovery provide that the parties must meet and confer before the Court rules upon Cascades' renewed Motion. Procedures to be Followed in Cases Assigned to Judge Thomas M. Durkin, Discovery, available at https://www.ilnd.uscourts.gov/judge-info.aspx?HztO2ip/uh7HVAKHYpZ4iA ("The Court will not hear or consider any discovery motion or non-dispositive dispute unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2."). Such Motions must also "state with specificity when and how" the movant did so.

### 3. Cascades' Motion is at Best Premature.

The additional technical detail and information Cascades seeks about the specifically accused functionality in the commercially implemented IntelliTrak products is highly confidential and commercially sensitive to Evertz. It may have to take the form of source code, testimony, or affiant documentation that comprises or describes trade secrets. To the extent that level of detail is required, the information Cascades seeks is highly sensitive and disclosure could cause Evertz to suffer significant and irreparable injury. It warrants and requires additional protection beyond this Court's default protective order. That is especially and painfully so in this case given the history between Evertz and the named inventor on the asserted patents.

Evertz anticipates filing a motion to modify the default protective order and has recently provided a proposal for Cascades' consideration. Accordingly, at the very least, Evertz requests deferral of a ruling on this Motion until its forthcoming motion to modify the protective order is granted.

<u>CONCLUSION</u>

For the foregoing reasons, Evertz respectfully asks the Court to deny Cascades' Motion.

Respectfully submitted,

Dated: __November 30, 2018_____          By: ___/s/ Rebekah H. Parker_____

Andrew D. Campbell
Rebekah H. Parker
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
acampbell@novackmacey.com
rparker@novackmacey.com
*Local Counsel for Defendant*

Thad A. Davis (*admitted pro hac vice*)
Y. Ernest Hsin (*admitted pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
tdavis@gibsondunn.com
ehsin@gibsondunn.com

Elizabeth Brannen (*admitted pro hac vice*)
STRIS & MAHER LLP
725 S Figueroa St., Ste 1830
Los Angeles, CA 90017
Telephone: (213) 995-6809
Facsimile: (213) 995-2708
elizabeth.brannen@strismaher.com

*ATTORNEYS FOR DEFENDANT*
*EVERTZ MICROSYSTEMS LTD.*

## <u>CERTIFICATE OF SERVICE</u>

Rebekah H. Parker, an attorney, hereby certifies that, on November 30, 2018, she caused a true and correct copy of the foregoing ***Defendant Evertz Microsystems Ltd.'s Opposition to Plaintiff's Motion to Compel***, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

 /s/ Rebekah H. Parker