IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES AV LLC<br><br>                Plaintiff,<br><br>    vs.<br><br>EVERTZ MICROSYSTEMS, LTD.<br><br>                Defendant. | Civil Action No. 1:17−cv−07881<br><br>Honorable Thomas M. Durkin |

**CASCADES AV'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Evertz's opposition (ECF#50) underscores why the Court should grant Cascades' motion to compel. Evertz does not even try to rebut the following points:

(1) LPR2.1(b)(1) obligated Evertz to produce documents "sufficient to show" how Evertz generates audio fingerprints for commercial IntelliTrak products.

(2) Evertz possesses such documents.

(3) Evertz failed to produce such documents.

It is that simple.

Yet Evertz resists an order compelling production, and/or adjusting the LPR2.2 initial infringement disclosure schedule. Evertz argues that Cascades' motion is "substantively unfounded," "procedurally improper" and "at best premature." (ECF#50, at 1-4). Evertz is wrong on all three points.

***First***, Evertz claims that it has already produced technical documentation required under LPR2.1(b)(1). Yet Evertz admits that it possesses source code. (ECF#50, at 2). And Evertz does not deny that what little it did produce (mostly public manuals) does not describe IntelliTrak's current way of generating audio fingerprints. Admitting that source code exists also almost inevitably

means that Evertz possesses source code ***documentation***. *McKesson Info. Sol'ns LLC v. Epic Sys. Corp.*, 495 F. Supp. 2d 1329, 1334 (N.D. Ga. 2007) (compelling production of source code documentation, in addition to source code, under that court's LPR2.1(b)(1) equivalent). Thus, contrary to Evertz's rhetoric, Cascades has not sought "documents that do not exist."

Nor is Evertz excused by stating that it "did not understand [source code / documentation] to be demanded (at least at this juncture)." (ECF#50, at 2). Cascades ***explicitly*** asked for source code and its documentation during the meet-and-confer, as well as within the underlying motion. (ECF#42, at 1-2, listing "source code, source code documentation, wikis, product planning documents, business plans, patent disclosures avowed to describe commercial products, etc." as the type of documents sought by the motion to compel). Evertz cannot now profess surprise that Cascades seeks the things it has not produced.

The Thanksgiving-eve letter from counsel (ECF#47-3) also highlights that nonproduced responsive material must exist—whether in the form of source code / documentation, or in the form of hardware designs / documentation. That letter took positions on how IntelliTrak audio fingerprints come into being. At a bare minimum, LPR2.1(b)(1) required Evertz to produce the same company resources to Cascades that counsel must have had available when drafting that letter. But it has yet to do so.

That letter, contrary to Evertz's opposition argument, represents Evertz reneging on its "reasonableness" agreement. The Court will recall that, to avoid decision on this motion when originally filed, Evertz allowed Cascades to use a publicly available Evertz patent (which lists techniques ***other than*** "zero crossing rate") to evidence IntelliTrak audio fingerprint generation. (ECF#47-1). But in a complete about face, the Thanksgiving-eve letter argues that "no reasonable party" could do so. (ECF#47-3, at 2). The letter goes on to demand dismissal on such grounds.

Though Evertz is correct that Cascades asked immediately to be notified if there was anything unsound about relying on those public documents (ECF#50, at 2), the right time for Evertz to do so was ***before*** Cascades' November 5 due date for its own LPR disclosures. Cascades certainly did not invite Evertz to lie in wait until Cascades had served LPR2.2 infringement claim charts, and then make undocumented statements that its facts were wrong. This is particularly so where Evertz possessed and continues to possess the power to produce documents conveying the true facts, but has so far failed to do so.

In short, there is enormous substance to Cascades' motion to compel.

**<u>Second</u>**, Cascades does nothing procedurally improper to renew a previous motion to compel. This is particularly the case where the need to renew emerges because a party reneged on the very agreement leading to the motion's earlier withdrawal. And Evertz is completely wrong to argue that Cascades did not meet and confer—the motion (ECF#42) sets forth the exhaustive efforts to do so. Nor does Evertz dispute that a proper certificate accompanies the motion, ECF#42 at 7.

In any case, Evertz's self-serving statement that "there is no impasse" (ECF#5, at 3) defies reality. If there were no impasse, Evertz would have responded to the motion by producing sufficient discovery. Cascades has been trying to get the full truth about Evertz's products since the beginning. But more than a year after filing its Complaint, it still has no sufficient LPR2.1(b)(1) discovery, particularly on the question of how audio fingerprints are generated in commercial IntelliTrak products. Evertz instead made Cascades serve comprehensive LPR2.2 claim charts using what it now claims to be the wrong information—a situation of Evertz's own devising, that Evertz now seeks to capitalize on by demanding dismissal.

A defendant withholding discovery, and then seeking to capitalize on that withholding by demanding dismissal, reflects a severe impasse that only the Court can resolve.

***Third and finally***, the motion is timely and ripe. The Local Patent Rules impose a default protective order, including the designation HIGHLY CONFIDENTIAL. This designation restricts discovery to attorneys-eyes-only. The Court already protects whatever LPR2.1(b)(1) discovery Evertz might have to produce. At best, Evertz has prejudicially delayed seeking additional protections, having only delivered a proposed alternative protective order on November 29, 2018 after the close of business—two business days before presentment of this motion.

For all of the foregoing reasons, and those stated in ECF##42 and 47, Cascades respectfully requests that the Court grant its motion to compel, and adjust LPR2.2 infringement contention deadlines in conformity with its Order.

| | |
|---|---|
| Dated: November 30, 2018 | Respectfully submitted, |
| | /s/ Robert P. Greenspoon |
| | Robert P. Greenspoon (rpg@fg-law.com) |
| | William W. Flachsbart (wwf@fg-law.com) |
| | Michael R. La Porte (mrl@fg-law.com) |
| | FLACHSBART & GREENSPOON, LLC |
| | 333 N. Michigan Ave., Suite 2700 |
| | Chicago, Illinois 60601 |
| | (Tel.): 312-551-9500 |
| | (Fax): 312-551-9501 |
| | *Attorneys for Plaintiff, Cascades AV, LLC* |

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that service of the foregoing document was made on all counsel of record on November 30, 2018 *via* the court's CM/ECF system.

/s/ Robert P. Greenspoon
Robert P. Greenspoon
